## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KOENIG HEALTHCARE EDMOND, PLLC; and DR. BRANT T. KOENIG, D.C.,<br><br>              Plaintiffs,<br><br>vs.<br><br>STEVEN DOUGLAS PEYROUX; ROBERT H. HARVEY, and PHYSICIANS BILLING SYSTEMS, LLC, d/b/a PHYSICAL BILLING SYSTEMS, LLC,<br><br>              Defendants. | Case No. CIV-16-210-M |

## **ORDER**

Before the Court is defendant Steven Douglas Peyroux's ("Peyroux") Special Appearance and Motion to Dismiss, filed April 4, 2016. On April 25, 2016, plaintiffs filed their response, and on May 2, 2016, Peyroux filed his reply. Also before the Court is defendant Robert H. Harvey's ("Harvey") Special Entry of Appearance and Motion to Dismiss or, in the Alternative, for Transfer to the Proper Forum, filed May 31, 2016. On June 27, 2016, plaintiffs filed their response, and on July 5, 2016, Harvey filed his reply. Based upon the parties' submissions, the Court makes its determination.

On March 3, 2016, plaintiffs filed the instant action against defendants Peyroux, Harvey, and Physicians Billing Systems, LLC, alleging claims for fraud in the inducement, declaratory judgment, breach of contract, actual/constructive fraud, and negligent misrepresentation. Both Peyroux and Harvey have moved to dismiss this action or, in the alternative, to transfer this case to the proper

forum.[1]  Peyroux and Harvey assert, in part, that this case should be dismissed, or, in the alternative, transferred, pursuant to Federal Rule of Civil Procedure 12(b)(3), because venue is improper in this Court.

A plaintiff bears the burden of proving proper venue.  *See Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998).  In assessing whether a plaintiff has met this burden, the facts alleged in a plaintiff's complaint are taken as true, but only to the extent they are uncontroverted by the defendant's evidence.  *See id.*  Further, the Court may consider evidence outside the complaint such as a party's affidavits.  *See id.*

In their Complaint, plaintiffs allege that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), "as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district".  Complaint at ¶ 7.  Section 1391(b)(2) provides, in part, that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred".  28 U.S.C. § 1391(b)(2).  Having carefully reviewed plaintiffs' Complaint, as well as the parties' submissions, the Court finds that plaintiffs have not met their burden of proving that venue is proper in this Court.  Specifically, the Court finds that plaintiffs have not shown that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in the Western District of Oklahoma.  The Court finds that plaintiffs have not shown that a substantial part of the alleged fraudulent statements and/or omissions were made in the Western District of Oklahoma.  In fact, it is unclear where the parties were when the statements were made and whether the statements

---

[1] Because this Court finds that the United States District Court for the Western District of Oklahoma is not the proper forum for this action and that this case should be transferred to the United States District Court for the Northern District of Georgia, and because the Northern District of Georgia likely has personal jurisdiction over Peyroux and Harvey, the Court will not be addressing defendants' arguments for dismissal based upon lack of personal jurisdiction.

were made in person, over the phone, or in email communications. Further, it is undisputed that neither Peyroux nor Harvey were physically present in Oklahoma when any alleged fraudulent statements or omissions were made and it is likely Peyroux and/or Harvey were located in Georgia and/or Florida when certain alleged fraudulent statements or omissions were made.

In their Complaint, plaintiffs also allege that venue is proper in this Court because "this Court has personal jurisdiction over one or more Defendants with respect to this action." Complaint at ¶ 7. Additionally, section 1391(b)(3) provides:

> if there is no district in which an action may otherwise be brought as provided in this section, [a civil action may be brought in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(3). Because it appears that venue would be proper in another district, such as the Northern District of Georgia, the Court finds that section 1391(b)(3) is not applicable in this case.

28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Since this Court has found that venue is not proper in this District, the Court must now determine whether to dismiss this action or to transfer this case to a district with proper venue. Having carefully reviewed the parties' submissions, the Court finds that it is in the interest of justice to transfer this case to the United States District Court for the Northern District of Georgia, a district in which the instant action could have been brought.

Accordingly, the Court GRANTS IN PART Peyroux's Motion to Dismiss [docket no. 4] and Harvey's Motion to Dismiss or, in the Alternative, for Transfer to the Proper Forum [docket no. 15] and TRANSFERS this case to the United States District Court for the Northern District of Georgia.

**IT IS SO ORDERED this 31st day of January, 2017.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE